UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THEADORA LEAH ZAZWETA,<br><br>    Defendant. | Case No. 4:16-cr-176-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Zazweta's motion for compassionate release. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In 2017, the defendant entered a plea of guilty to a charge of conspiracy to possess with intent to distribute a controlled substance and was sentenced to 188 months imprisonment. She seeks a compassionate release from her sentence of incarceration. The Government objects to the motion.

## LEGAL STANDARD

The defendant brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP). In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must

**Memorandum Decision & Order – page 1**

consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  *See* USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

The defendant is 63 years old.  She has a long criminal history dating back to 1983 and qualifies as a career offender under the Sentencing Guidelines.  She has multiple convictions related to the possession and distribution of controlled substances.  She argues that her age, weight, high blood pressure, and Hepatitis C, make her more vulnerable to becoming seriously ill should she contract COVID-19.  But her medical records show that her condition is stable and well-treated at her facility in FCI Dublin. She stated to the Probation Officer in 2017 that she was in good health with no chronic illnesses at that time.  There is no indication that she is unable to care for herself or unable to get proper care at the facility.  Moreover, while there are currently four COVID-19 cases at FCI Dublin where defendant is imprisoned, there are far more in Douglas County Oregon where she wants to be released.

**Memorandum Decision & Order – page 2**

In summary, the defendant has not carried her burden of showing "extraordinary and compelling reasons" that would support a compassionate release and the Court cannot find that she would not be a danger to the community if released. Consequently, her motion will be denied.

ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 64) is DENIED.

DATED: September 17, 2020

B. Lynn Winmill
U.S. District Court Judge